IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CALVIN GARY WALKER, WALKER'S ELECTRIC, WALKERS ELECTRIC, and JESSIE HAYNES  §§§§§ Plaintiffs,  § v.  §§ IBEW, IBEW 479, Beaumont Independent School District, Wayne Reaud, *et. Al.*  §§§§§ Defendants. | **CIVIL ACTION NO. 2:15-CV-01283** JURY TRIAL DEMANDED |

**REAUD AND EXAMINER DEFENDANTS' MOTION TO TRANSFER VENUE**

Defendants The Examiner Corporation (erroneously sued as "The Beaumont Examiner"), Don Dodd, and Jennifer Johnson (collectively, "Examiner Defendants") and Defendant Wayne Reaud jointly move pursuant to 28 U.S.C. § 1404(a) to transfer this case to the Beaumont Division of the United States District Court for the Eastern District of Texas.

**REAUD AND EXAMINER DEFENDANTS' MOTION TO TRANSFER VENUE**

I. **INTRODUCTION**

This case, in which four Beaumont plaintiffs allege a broad conspiracy between dozens of Beaumont defendants—including prosecutors in Beaumont, school officials in Beaumont, a labor union in Beaumont, newspapers in Beaumont, and other members of the Beaumont community—should be transferred to the Beaumont Division of this District. None of the parties and none of the likely witnesses resides in Marshall, and none of the events that give rise to Plaintiffs' claims occurred in Marshall. In short, Marshall has no connection with this case.

To be clear, Plaintiffs' allegations are as ridiculous as they are irresponsible. Plaintiffs' allegations of conspiracy are so broad as to be facially impossible, and the defamation and related claims against Reaud and the Examiner Defendants are clearly frivolous. But, regardless of their merit, these claims should not be litigated in Marshall. Forcing so many Beaumont-based parties and witnesses to travel nearly 200 miles to Marshall, to try a case concerning events alleged to have transpired in Beaumont serves no private or public interest.

Indeed, this case is remarkably similar to *La Day v. City of Lumberton*, in which the Court transferred to the Beaumont Division a civil rights suit in which all of the plaintiffs, most of the defendants and the witnesses, and all of the events were located within the Beaumont Division. C.A. No. 2:011-cv-237, 2012 WL 928352, at *1 (E.D. Tex. Mar. 19, 2012). In *Lumberton*, the Court held the Beaumont Division was "clearly more convenient" than the Marshall Division:

> Despite the great degree of deference which justly attaches to the Plaintiffs' choice of forum, the factors in favor of transfer in this case are nothing less than overwhelming. While this Court agrees with Plaintiffs that their choice of forum is important and entitled to significant deference, the facts in this particular case are compelling and cannot be ignored. As in all transfer decisions, each set of facts is unique and must be decided on a case-by-case basis. Here, that analysis shows Beaumont to be unquestionably more convenient than Marshall.

**REAUD AND EXAMINER DEFENDANTS' MOTION TO TRANSFER VENUE     Page 1**

*Id.* at *4. Applying the same analysis in this case shows that Beaumont is even more convenient, and has an even greater public interest in resolving this dispute, than in *Lumberton*. Thus, the Court should transfer the case to the Beaumont Division pursuant to 28 U.S.C. § 1404(a).

## II. BACKGROUND FACTS

### A. The Beaumont Plaintiffs

Plaintiff Calvin Walker is a resident of Beaumont. SAC ¶ 7. According to the Second Amended Complaint ("Complaint" or "SAC"), he has "served the Beaumont community for years." *Id.* ¶ 50. He started Walker's Electric Company, which is based in Beaumont, two decades ago.[1] *Id.* Since obtaining his Electrical Contractors License, he has been involved in an ongoing dispute with the Beaumont branch of the International Brotherhood of Electrical Workers ("Beaumont IBEW"). *Id.* ¶¶ 51-52. In 2006, this dispute evolved into a controversy over contracts he was awarded by the Beaumont Independent School District ("BISD"). *Id.* ¶ 52. Walker alleges that, for years, he was subjected to undue scrutiny and false accusations by Beaumont IBEW leaders, the Beaumont media, and BISD managers and trustees regarding his electrical work and his billing practices. *Id.* ¶¶ 62-68.

In 2011, Walker was indicted on federal fraud charges, but the government's prosecution of him ended in a mistrial. *Id.* ¶¶ 72; 112. Walker was then charged with and pled guilty to tax evasion in July 2012, admitting that he had altered invoices to BISD and had failed to report $1.6 million in income he received from the district. *See* Ex. 1 to Fuller Decl., at 2-3. Walker alleges that reporting by various Beaumont journalists and news organizations covering his legal troubles and related difficulties with BISD was false and defamatory. *Id.* ¶¶ 80-94. He further alleges that this reporting was part of a broad conspiracy between numerous Beaumont-based

---

[1] Walker's Electric and Walkers Electric are both plaintiffs in the case, and both companies are alleged to be based in Beaumont. *Id.* ¶¶ 8-9.

individuals and institutions to harm him and other "black Beaumontians." *Id.* ¶ 1. As a result of this alleged conspiracy, Walker claims he lost a BISD contract in 2014 and was indicted in Jefferson County on fraud and money-laundering charges. *Id.* ¶ 113. His case is currently pending in the Beaumont Court of Appeals, where he is appealing the Jefferson County District Court's order denying his motion to dismiss the charges against him on double-jeopardy grounds. *See Ex parte Calvin Gary Walker*, 09-15-00038-CR.

Plaintiff Jessie Haynes alleges that she was a Beaumont resident at the time of the events. *See* SAC ¶ 10. Her claims for violations of RICO and for assault arise from an August 2014 incident in Beaumont in which she physically blocked a BISD trustee and a local journalist from attending a BISD press conference. *Id.* ¶¶ 100-02. She was prosecuted and convicted in Jefferson County for her role in the altercation. *Id.* ¶ 102; Ex. 2 to Fuller Decl., at 2. Haynes is currently appealing her conviction in the Beaumont Court of Appeals. *See Jessie Haynes v. State of Texas*, NO. 09-14-00240-CR.

### B. The Beaumont Defendants

Plaintiffs allege claims against more than 30 individuals and institutions, nearly all of whom are Beaumont or Jefferson County residents. The Defendants include BISD and fourteen BISD employees, trustees, and managers. *See* SAC ¶¶ 11-25. Twelve of the fourteen individual BISD Defendants are alleged to be current residents of Beaumont or of Jefferson County, and the other two (who are alleged to be residents of Frisco and College Station) are being sued based on their prior service with BISD. *Id.* ¶¶ 12-25. Plaintiffs have also sued publishers and reporters of two Beaumont newspapers—*The Examiner* and the *Beaumont Enterprise*—all of whom are Beaumont residents. *Id.* ¶¶ 26-30. In addition, Plaintiffs have sued local reporter Jerry Jordan of SETInvestigates.com, who is alleged to be a resident of Jefferson County. *Id.* ¶ 41. The Beaumont IBEW and four Beaumont-based IBEW members are also named. *Id.* ¶¶ 32-37. The

additional Beaumont-based defendants and alleged members of the purported conspiracy include Reaud, the Honorable Cory Crenshaw (who now serves as judge of Jefferson County Court of Law No. 2), Beaumont City Council member Michael Getz, and Beaumont-based U.S. Attorney Malcolm Bales. *Id.* ¶ 40.

### C. Procedural Status of this Case

Plaintiff Walker and his two companies filed suit on July 16, 2015. ECF Doc. # 1. Two weeks later, Plaintiffs filed an amended complaint, which added Haynes as an additional plaintiff. ECF Doc. # 5. On August 13, 2015, Plaintiffs filed the Second Amended Complaint. ECF Doc # 6. Reaud and the Examiner Defendants have accepted Plaintiffs' request to waive service, and their deadline for answering or moving to dismiss the Complaint is October 23, 2015.

## III. ARGUMENT

The change-of-venue standard that governs transfers between districts also governs transfers between divisions within a district. *La Day v. City of Lumberton*, 2012 WL 928352, at *1; *see also In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) ("The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another."); 28 U.S.C. § 1404(a) ("[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought. . . ."). The Court must first determine whether the suit could have been brought in the proposed transferee division. *See Lumberton*, 2012 WL 928352, at *1 (citing *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004)). If so, "then the court must weigh the relative conveniences of the current division against the transferee division." *Id.* This analysis requires consideration of "several "private" and "public" interest factors, none of which are given dispositive weight." *Id.* The private factors include: "(1) the cost of attendance

**REAUD AND EXAMINER DEFENDANTS' MOTION TO TRANSFER VENUE      Page 4**

for willing witnesses; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process to secure the attendance of witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws in the application of foreign law." *Id.*

Here, the threshold requirement is easily satisfied, as this case clearly could have been brought in the Beaumont Division of this Court. All of the events giving rise to Plaintiffs' claims occurred in Beaumont and Jefferson County. *See* 28 U.S.C. § 1391(b)(2); *see also* SAC ¶ 1 (describing alleged conspiracy between Beaumont-based entities and individuals to harm Beaumont-based Plaintiffs and "countless other black Beaumontians"); http://www.txed.uscourts.gov/page1.shtml?location=info:division&division=beaumont (City of Beaumont and Jefferson County are within Beaumont Division of Eastern District of Texas) (last visited Sept. 2, 2015). Plaintiffs and nearly all of the defendants are alleged to reside, or have resided at the time of the events, in Beaumont.[2] *Id.* § 1391(b)(1); *see* SAC ¶¶ 11-42. Accordingly, this motion focuses on the private and public interest factors, which overwhelmingly support transfer to the Beaumont Division.

### A. The Private Interest Factors Strongly Favor Transfer to the Beaumont Division.

As noted above, this case is remarkably similar to *Lumberton*, in which the Court held that the private interest factors supported transfer to the Beaumont Division. As in *Lumberton*,

---

[2] The Complaint alleges that Haynes "was a resident of Beaumont, Texas, during the events in question . . . ." SAC ¶ 10. She does not allege her current residence, if different from Beaumont or Jefferson County.

all of the Plaintiffs and virtually all of the Defendants in this case are residents of Beaumont and Jefferson County. And because all of the alleged events that give rise to Plaintiffs' claims occurred in Beaumont, the witnesses and sources of proof will be located in Beaumont—nearly 200 miles from the Marshall Division. Thus, as in *Lumberton*, each of the private interest factors weighs heavily in favor of transfer to the Beaumont Division or is neutral. None of the factors supports trying this case in the Marshall Division.

### *Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses*

In *Lumberton*, the Court recognized that the Fifth Circuit places special importance on this factor where, as here, the distance between witnesses and the trial venue exceeds 100 miles. *See* 2012 WL 928352, at *2 (citing *Volkswagen I*, 371 F.3d at 204-05). The "'[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.'" *Lumberton*, 2012 WL 928352, at *2 (quoting *Volkswagen I*, 371 F.3d at 204-05). Here, nearly every party and potential nonparty witness with personal knowledge of the facts related to this lawsuit resides in Beaumont or Jefferson County. *Cf. Lumberton*, 2012 WL 928352, at *2. As noted above, all of the Plaintiffs and 27 of the 31 Defendants are alleged to be current or former residents of the Beaumont Division.[3] *See* SAC ¶¶ 11-42. Any additional, unnamed witnesses will also overwhelmingly come from Beaumont, since the purported events that give rise to Plaintiffs'

---

[3] Plaintiffs' counsel is from Houston, as is counsel for BISD and the BISD individual defendants. Counsel for Defendant Getz and counsel for Cory Crenshaw are each from Beaumont. *See* SAC at pp. 45-46.

**REAUD AND EXAMINER DEFENDANTS' MOTION TO TRANSFER VENUE    Page 6**

claims all occurred in Beaumont.[4] Thus, as in *Lumberton*, "this factor weighs heavily in favor of transfer." 2012 WL 928352, at *2.

### *The Relative Ease of Access to Sources of Proof*

For the same reason, this factor also supports transfer. As in *Lumberton*, "all documents related to the [events] in question . . . are within the Beaumont Division." *Id.* at *3. For example, all BISD documents, all documents relating to the publication of the challenged statements and reporting by Defendants, and all of the records relating to the prosecutions of Walker and Haynes are located in the Beaumont Division. Even though digital technology might alleviate the burden associated with "accessing documents and other sources of proof in Marshall, it is clearly more convenient to require production of such proof in Beaumont." *Id.*; *see also Radmax*, 720 F.3d at 288 ("Any such inconvenience may well be slight, but . . . the question is relative ease of access, not absolute ease of access.") (citing *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 311 (5th Cir. 2008)). In short, it would be "illogical to require [witnesses and related documentary evidence] to travel nearly 200 miles when they can be accessed much closer to their current location." *Lumberton*, 2012 WL 928352, at *3.

### *Availability of Compulsory Process to Secure the Attendance of Witnesses*

As the Fifth Circuit held in *Volkswagen II*, a venue that has "absolute subpoena power for both depositions and trial" is favored over one that has more limited power. *Volkswagen II*, 545 F.3d at 316; *see also McCloud v. McClinton Energy Grp., L.L.C.*, No. 5:14–cv–620–XR, 2014

---

[4] Of the four defendants who do not currently reside in Beaumont or Jefferson County, three of them are closer to Beaumont—IBEW, former BISD CFO Jane Kingsley, and Watchdog.com reporter Jonathan Cassidy. *See* SAC ¶ 31 (IBEW is based in Houston); *id.* ¶ 15 (Kingsley is based in College Station), http://watchdog.org/author/joncassidy/ (last visited Sept. 2, 2015) (Cassidy lives "just outside of Houston"). Only one defendant, former BISD employee Terry Ingram, currently resides closer to Marshall. *See* SAC ¶ 16 (Ingram lives in Frisco, Texas).

**REAUD AND EXAMINER DEFENDANTS' MOTION TO TRANSFER VENUE     Page 7**

WL 6388417 (W.D. Tex. Nov. 14, 2014). Under Rule 45, compulsory process is available to secure the attendance of any witness for deposition within 100 miles of where the witness lives or works. Fed. R. Civ. P. 45(c)(1)(A). That deposition testimony could be used at trial in Marshall or in Beaumont. But because Beaumont is more than 100 miles from Marshall, the Court will not have subpoena power to compel the live attendance of a Beaumont-based nonparty witness at trial in Marshall unless the witness is (1) a party's officer; or (2) will not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B). Thus, this factor supports the transfer of this case to Beaumont.

*Practical Problems for Trial*

Transfer of this case would not present any practical problems that would make trial more difficult or cause undue delay. *See Radmax*, 720 F.3d at 289 ("garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion"). Thus, this factor is neutral.

      B.      **The Public Interest Factors Strongly Favor Transfer to the Beaumont Division.**

As with the private interest factors, the Court's analysis of the public interest factors in *Lumberton* is persuasive here. Indeed, one of these factors—the local interest in having localized disputes decided at home—provides even stronger support for transfer in this case. At best, the remaining factors are neutral, and none of them supports trying this case in Marshall.

*Administrative Difficulties Flowing from Court Congestion*

In *Lumberton*, the Court examined the relative caseloads of the Marshall Division and the Beaumont Division. *See* 2012 WL 928352, at *3. The Court noted that while the Marshall Division had fewer cases overall, the Beaumont Division had fewer cases per judge. *Id.* In light of these statistics and the fact that a scheduling conference had yet to occur (although it had been

**REAUD AND EXAMINER DEFENDANTS' MOTION TO TRANSFER VENUE    Page 8**

set), the Court held that this factor weighed in favor of transfer. *Id.* Here, this motion is being filed even earlier in the proceedings—before a scheduling conference has been set. Thus, the Court's "full confidence in the Beaumont Division's ability to quickly set the case for a scheduling conference" should be even stronger here, and this factor again supports transfer. *Id.*

### *Local Interest in Having Localized Interests Decided at Home*

In *Lumberton*, the Court held that "[t]ransfer is appropriate where none of the operative facts occurred in the division and where the division had no particular interest in the outcome of the case." 2012 WL 928352, at *3. Like this case, *Lumberton* involved claims between Beaumont-based parties over events that took place in Beaumont:

> [T]he facts giving rise to this lawsuit occurred in the Beaumont Division. All of the Plaintiffs live in the Beaumont Division. Four of the five Defendants are in the Beaumont Division. The clear majority of the witnesses are located within the Beaumont Division. Finally, very little, if any, evidence related to the lawsuit is located outside of the Beaumont Division.
>
> Given these facts, the Court finds that the Beaumont Division clearly has a greater local interest in this case than the Marshall Division. The populace of Lumberton, Texas has a vested interest in seeing this matter tried in a division which is conducive to attendance by citizens within the community. Accordingly, the Court concludes that this factor weighs in favor of transfer.

*Id.* at *3-4. Here, the essential facts are identical, except that an even higher percentage of the Defendants are from within the Beaumont Division. Moreover, Walker's claims turn on the public reporting and dialogue about serious charges of public corruption in the Beaumont public schools. Very few, if any, topics are more localized. Thus, this factor weighs strongly in favor of transfer.

*The Remaining Factors Are Neutral.*

Once again, as in *Lumberton*, this intra-district transfer would not create any unnecessary problems of conflict of laws and would not adversely affect judicial economy. 2012 WL 928352, at *4. Accordingly, these factors are neutral.

## IV. CONCLUSION

For the reasons discussed above, Wayne Reaud and the Examiner Defendants respectfully request that the Court transfer this case to the Beaumont Division.

Respectfully submitted,

___/s/ Mike C. Miller_____
Mike C. Miller
  Texas Bar No. 14101100
mikem@millerfirm.com
LAW OFFICE OF MIKE C. MILLER, P.C.
201 W. Houston Street
Marshall, TX 75670-4039
Tel: 903.938.4395
Fax: 903.938.3360

VINSON & ELKINS L.L.P.

Harry M. Reasoner
  Texas Bar No. 16642000
hreasoner@velaw.com
Stacey N. Vu
  Texas Bar No. 24047047
svu@velaw.com
1001 Fannin Street, Suite 2500
Houston, TX 77002
Tel: 713.758.2222
Fax: 713.758.2346

Thomas S. Leatherbury
  Texas Bar No. 12095275
tleatherbury@velaw.com
John C. Wander
  Texas Bar No. 00791877
jwander@velaw.com
Marc A. Fuller
  Texas Bar No. 24032210
mfuller@velaw.com
2001 Ross Avenue, Suite 3700
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.999.7792

ORGAIN BELL & TUCKER, LLP

Gary N. Reger
  Texas Bar No. 16733200
gnr@obt.com
Gilbert I. "Buddy" Low
  Texas Bar No. 12619000
Michael J. Truncale
  Texas Bar No. 20258125
mjt@obt.com
470 Orleans Street
P.O. Box 1751
Beaumont, TX 77704-1751
Tel: 409.838.6412
Fax: 409.838.6959

*Counsel for Defendants Wayne Reaud, The Examiner Corporation,
Don Dodd, and Jennifer Johnson*

## CERTIFICATE OF CONFERENCE

I hereby notify the Court that on September 3, 2015, Harry Reasoner (lead counsel for Wayne Reaud and the Examiner Defendants) and Maria-Vittoria "Giugi" Carminati (lead counsel for Plaintiffs) participated in a telephonic conference as required by L.R. CV-07(i). After a good-faith discussion to resolve the matter, Plaintiffs' counsel continues to oppose transfer of this case to the Beaumont Division.

_____/s/ Harry M. Reasoner_____
Harry M. Reasoner

## CERTIFICATE OF SERVICE

I certify that the foregoing Reaud and Examiner Defendants' Motion to Transfer Venue was served on the following counsel by electronic filing on September 3, 2015:

Maria-Vittoria "Giugi" Carminati
SBN: 24065007
CARMINATI LAW PLLC
917 Franklin Street, 4th Floor
Houston, TX 77002
Direct: 281.826.9552
Email: Giugi@CarminatiLaw.com
LEAD ATTORNEY FOR PLAINTIFFS
CALVIN WALKER, WALKER'S
ELECTRIC, WALKERS ELECTRIC,
AND JESSIE HAYNES

Clay T. Grover
Westheimer, Suite 1200
Houston, Texas 77057
Direct: 713-960-6033
Fax: 713-960-6025
Email: rcgrover@rmgllp.com
ATTORNEY OF RECORD FOR BISD, THE
BOARD OF MANAGERS, VERNON
BUTLER, TERRY INGRAM, JIMMY
SIMMONS, JACK CARROLL, AARON
COVINGTON, LEROY SALEME, VENICE
MONROE, A.B. BERNARD, ROBERT
TURNER, JOE DOMINO, AND LENNY
CABARELLO

David Vann deCordova, Jr.
Lindbergh Drive
Beaumont, TX 77707
Direct: 409-842-0920
Fax: 409-291-8375
Email: ddecordovajr@gmail.com
ATTORNEY FOR MICHAEL D. GETZ

Kathleen M. Kennedy
Chief Civil Attorney
Jefferson County District Attorney's Office
Pearl Street, 3rd Floor
Beaumont, Texas 77701
Phone: 409-835-8550
Direct: 409-835-8577
Fax: 409-784-5893
Email: kkennedy@co.jefferson.tx.us
ATTORNEY FOR CORY CRENSHAW

Jerry Jordan
Southeast Texas Investigates
95-B W. Chance Road #183
Lumberton, TX 77657
PRO SE