# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CALVIN GARY WALKER, et al. | § | |
| | § | |
| v. | § | Case No. 2:15-CV-01283-JRG-RSP |
| | § | |
| IBEW, et al. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Transfer Venue (Dkt. No. 7) filed on September 3, 2015 by Defendants The Examiner Corporation, Don Dodd, Jennifer Johnson, and Wayne Reaud. Various other defendants have since joined in the motion. E.g., Dkt. No. 9, 14, and 19. This action is brought by Calvin Walker, a Beaumont contractor, and his two companies, and Jessie Haynes, also a resident of Beaumont, who may have recently relocated to Houston. They allege a broad conspiracy to violate their civil rights by the Beaumont Independent School District, and 14 current and former employees, officers and board members, both of the Beaumont daily newspapers, the International Brotherhood of Electrical Workers, and its local Beaumont branch and four officers, a Beaumont City Council member, two Beaumont journalists, the United States Attorney for the district encompassing Beaumont, and one Assistant U.S. Attorney and two Special Agents of the Federal Bureau of Investigation stationed in Beaumont, and one Jefferson County Assistant District Attorney in Beaumont.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which

transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

## DISCUSSION

A.   **Proper Venue for the Case**

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

B.  **Private Interest Factors**

   1.  **Relative Ease of Access to Sources of Proof**

   This case will clearly involve extensive documents, virtually all of which will by their very nature be located in Beaumont. Plaintiffs have not identified any documents that will be located in Marshall.

   2.  **Availability of Compulsory Process to Secure the Attendance of Witnesses**

   It appears that most of the relevant witnesses would be subject to compulsory process either in Marshall or in Beaumont.

   3.  **Cost of Attendance for Willing Witnesses**

   Plaintiffs argue that most of the likely witnesses are already parties, but given the nature of the allegations, it is highly likely that other witnesses will need to be called from each of the various institutional defendants. Because Beaumont is 190 miles from Marshall, attendance at trial in Beaumont would be more convenient for all.

   4.  **All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive**

   The parties have not identified any considerations that relate solely to this factor. However, the Court notes that the Defendants moved for transfer promptly and no significant proceedings have yet occurred in Marshall.

C.  **Public Interest Factors**

   1.  **Administrative Difficulties Flowing From Court Congestion**

   The parties have not identified any considerations that relate solely to this factor.

   2.  **Local Interest in Having Localized Interests Decided at Home**

   The allegations of the Complaint alone show that this dispute is a matter of considerable local interest in Beaumont. Numerous public officials are named as defendants, and convictions and indictments by local juries and grand juries are implicated. In fact, Plaintiffs argue that the

local interest in Beaumont is so intense that they cannot expect to receive a fair trial. While the undersigned has found that careful *voir dire* is adequate to ensure a fair and impartial jury even in very controversial cases, this is a concern best directed to the judge who will conduct that jury selection proceeding. If that judge decides that a fair trial cannot be had in Beaumont, then appropriate steps will be taken.

   3.   **Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The parties have not identified any considerations that relate to these factors, and are therefore neutral.

## CONCLUSION

The Court finds that the convenience of the parties and the witnesses within the meaning of 28 U.S.C. §1404(a) is clearly best served by transfer of this case to the Beaumont Division of this Court. Accordingly,

IT IS ORDERED that the Clerk transfer this action without delay to the Beaumont Division of this Court and re-assign the case to appropriate judicial officers within that Division.

**SIGNED this 30th day of September, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE